# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-0781** (Hampshire County 13-F-08 and 13-F-49)

**Shane Hott, Defendant Below,
Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shane Hott, by counsel Agnieszka Collins, appeals the Circuit Court of Hampshire County's May 31, 2013, order sentencing him to a term of incarceration following his pleas of nolo contendere to one count of malicious assault; one count of battery on a police officer, second offense; and one count of domestic battery, third offense. The State, by counsel Derek Knopp, filed a response. On appeal, petitioner alleges that he did not knowingly, intelligently, and voluntarily enter his nolo contendere pleas.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following an incident with his ex-girlfriend in October of 2012, petitioner was indicted in January of 2013, in Criminal Action No. 13-F-08 on two counts of second degree sexual assault; one count of domestic battery, third offense; one count of battery on a police officer, second offense; and one count of obstructing an officer.

The parties appeared before the circuit court on May 24, 2013, for the entry of petitioner's plea agreement. However, prior to discussing the terms of petitioner's plea agreement on the record, the State filed an Information charging petitioner with one count of malicious assault. Petitioner then filed a "Waiver of Indictment and Agreement to be Prosecuted by Information" and a "Waiver of Indictment."[1] Following a lengthy discussion on the record, petitioner pled nolo contendere to one count of malicious assault; one count of battery on a police officer, second offense; and one count of domestic battery, third offense. The remaining

---

[1]These documents were filed on May 24, 2013. However, for reasons that are not clear from the record before this Court, the documents are dated May 24 and May 25, 2013, respectively.

1

counts of the indictment were dismissed. By order entered on May 31, 2013, petitioner was sentenced to a term of incarceration of one to five years for one count of domestic battery, third offense, in violation of West Virginia Code § 61-2-28; one to three years for one count of battery on a police officer, second offense, in violation of West Virginia Code § 61-2-10b(d); and two to ten years for one count of malicious assault in violation of West Virginia Code § 61-2-9(a).[2] It is from this order that petitioner now appeals.

Petitioner argues that his nolo contendere plea was not freely, knowingly, and voluntarily entered because he did not have a sufficient time to consider the plea deal. Specifically, petitioner asserts that he did not have an opportunity to discuss the agreement with his family because he was presented with the agreement on May 23, 2013, and then appeared before the circuit court the following day for an unscheduled hearing in which the circuit court accepted the plea agreement. Petitioner further avers that his statement to the circuit court requesting an alternative sentence supports his position that he did not fully understand the terms of his plea agreement.

Upon our review, we find no error. To begin, petitioner concedes that his assignment of error must be analyzed under "plain error" because he did not object to the time provided to consider his plea. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Rule 11 of the West Virginia Rules of Criminal Procedure and *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975) set forth the requirements to determine the voluntariness of a guilty plea. In Syllabus Point 5 of *Call*, we stated that

> [a] trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court . . . that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

*Id*. at 192, 220 S.E.2d at 668.

A review of the hearing transcript reflects that the circuit court conducted a thorough plea colloquy in this case, satisfying the requirements of Rule 11 and *Call v. McKenzie*. Further, Petitioner's argument that he did not have the opportunity to speak with his friends or family about his plea agreement is not supported by the record. During the plea and sentencing hearing, the circuit court discussed petitioner's education, his understanding of the proceedings, and his

---

[2]The circuit court ordered that the sentences for battery on a police officer and domestic battery shall run consecutively to each other, but consecutive to the sentence for malicious assault for an effective sentence of three to fifteen years.

mental status. The circuit court thoroughly explained the elements and potential penalties for each crime, along with his constitutional rights. During the plea hearing, petitioner testified that he was pleading nolo contendere after the circuit court stated that he was pleading guilty. Furthermore, petitioner began negotiating his plea agreement as early as February of 2013. Importantly, the record reflects that petitioner tried to renegotiate the plea agreement four days before the circuit court accepted petitioner's plea agreement. The record also reflects that petitioner testified that his plea of nolo contendere was of his own "free will and accord;" that no one had used any force, pressure, or threats to unduly influence him to plead nolo contendere; and that he had plenty of time to meet and discuss his case with his attorney. For these reasons, the Court finds no error.

For the foregoing reasons, the circuit court's May 31, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II